IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER WILSON, | ) |
| | ) Civil Action No. 2:18-cv-01610 |
| Plaintiff, | ) |
| | ) Chief United States Magistrate Judge |
| v. | ) Cynthia Reed Eddy |
| | ) |
| TWITTER, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

The Court respectfully recommends that Plaintiff's Complaint (ECF No. 3) filed on January 16, 2019, be *sua sponte* dismissed with prejudice prior to service under 28 U.S.C. §1915(e)(2) because the action is frivolous.

**II.    REPORT**

    A.     Procedural Background

Within a four-day span, Plaintiff, Roger Wilson, filed ten law suits, *pro se*, seeking Leave to Proceed *in forma pauperis*. He voluntarily withdrew four of the cases, *Wilson v. Federal A/G Maryland et al.,* 2:18-cv-00304; *Wilson v. Memphis F.C.I. et al.,* 2:18-cv-00312; *Wilson v. FCI Cumberland*, 2:18-cv-00313; and *Wilson v. FCI Gilmer, et al.*, 2:18-cv-00315 for "lack of venue." The six remaining cases filed during that time period are:  *Wilson v. Delta Airlines, et al.*, 2:18-cv-00305; *Wilson v. Eyster et al.*, 2:18-cv-00306; *Wilson v. McKeesport Police Dept., el al*, 2:18-cv-00307; *Wilson v. U.S. Gov't/Federal A/g et al.,* 2:18-cv-00308; *Wilson v. Healey*, 2:18-cv-00311; and *Wilson v. United States of America et al.,* 2:18-cv-00314.  These six cases were each dismissed with prejudice as frivolous on April 17, 2018.  Wilson appealed all six and all six were affirmed by the United States Court of Appeals for the Third Circuit.

1

Also pending at the time the ten cases were filed was *Wilson v. U.S. Gov't*, 2:17-01467, which was filed on November 13, 2017, for which Wilson paid the filing fee. That case was dismissed with prejudice by Order dated April 17, 2017 (ECF No. 48), and on appeal for lack of jurisdiction. *Id.* at ECF No. 58.

The court also notes that Wilson filed *Wilson v. United States and Office of Att'y General*, 2:17-cv-00301 on March 8, 2017, for which he paid the filing fee. This case was dismissed pursuant to FRCP 12(b)(1), with prejudice, as amendment would be futile. Wilson appealed this decision and the United States Court of Appeals for the Third Circuit affirmed. *Id.* at ECF No. 33.

On the date the Court entered the Report and Recommendation in each of the six cases described *supra,* Wilson filed motions for leave to proceed in forma pauperis in two more cases: *Wilson v. U.S. Gov't et al*, 2:18-cv-00459 and *Wilson v. U.S. Gov't et al.*, 2:18-cv-00460. A few days later he filed *Wilson v. U.S. Gov't et al*, 2:18-cv-00477. Of these three cases Wilson appealed one, *Wilson v. U.S. Gov't et al.*, 2:18-cv-00459, which was dismissed on appeal. *Id.* at 13.

B.     Legal Standard

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, *pro se* litigants are not free to

ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons[1] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[2]

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to

---

[1] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. Nov. 2, 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. October 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa.1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000). Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that the Congress meant the statute to read "person." I find this reasoning to be persuasive. *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).

[2] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which

4

fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

    C.  Plaintiff's claims

Presently before the Court is *Wilson v. Twitter*, 2:18-cv-01610 which the court notes is far from a model of clarity as it lacks specificity in its detail and relief sought. Wilson is pursuing claims for alleged violations of "42 USC 2000A discrimination" and "18 U.S.C. 73 obstruction of justice." (ECF No. 3, p. 3).

Plaintiff alleges, *in toto*:

> The defendant suspends my Twitter accts. Frequently, because I contact the police, citizens across the world and I also tell people that robbed I'm pressing charges I don't threaten them, I just tell them I'm prosecuting my Twitter accounts are for email addresses Roger.Wilson78@yahoo.com RW1400v14@gmail.com

*Id*. at 4. Plaintiff seeks "25 Billion" in damages but contends the suit could be "worth quadmillions." *Id*. Because of the early stage of this litigation, service on the Defendant has not yet been ordered or effectuated.

Plaintiff alleges that defendants violated 42 U.S.C § 2000A. That statute prohibits discrimination or segregation in places of public accommodation such as lodging, restaurants, and gasoline stations. 42 U.S.C. § 2000a *et seq*. Plaintiff has not and cannot allege any facts to support such a claim.

Plaintiff further alleges that defendants violated 18 U.S.C. § 73, which does not exist. He has labelled his claim as a violation for obstruction of justice. Assuming Plaintiff intended to cite 18 U.S.C. § 1503, as we have explained to Plaintiff several times before in prior cases, there is no legal basis for such claims. Criminal statutes, such as 18 U.S.C. § 1503, do not give rise to a civil

5

cause of action. *See Walsh v. Conaboy*, 2016 WL 3742034, *2 (M.D. Pa. July 12, 2016) (collecting cases).

Both claims are based on indisputably meritless legal theories and should therefore be dismissed, *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2). Therefore, the court recommends that the claims also be dismissed as frivolous, with prejudice, as it would be futile for Plaintiff to amend his claims. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

Finally, the Court again notes that we have granted *in forma pauperis* status to plaintiff multiple times, including in this matter, but each case, as described *supra,* has been dismissed by this Court as frivolous, thus wasting judicial resources. The Court puts Plaintiff on notice that § 1915(a), allows the district court to exercise discretion in non-prisoner actions and require that the filing fee be made in installment payments. *See*, *e.g.*, *White ex rel. Diggs v. Barnhart*, 2002 WL 1760980, *1 (M.D. N.C. 2002); *LaFontaine v. Tobin*, 2013 WL 4048571, *2 (N.D. Iowa 2013); *Thorton v. Heyburn*, 2013 WL 1619654, *1 (S.D. Ind. 2013). Similarly, it is also within this Court's discretion under § 1915(a)(1) to require that a non-prisoner litigant seeking IFP status pay a one-time partial filing fee that is "fair in light of the actual financial situation of the particular pro se litigant." *See Bullock v. Sumoela,* 710 F.2d 102, 103 (3d Cir. 1983). In ordering such a payment, the court may consider whether the plaintiff has engaged in repeated lawsuits and appeals that have been dismissed as frivolous as such abuse "require[s] the expenditure of significant judicial resources." *Douris v. Middletown Township*, 353 Fed.Appx. 672, 673 (3d Cir. 2009). Should Wilson continue to file frivolous lawsuits we intend to exercise our discretion to impose a fair filing fee.

**III.     Conclusion**

For the reasons set forth herein, it is respectfully recommended that the Complaint be dismissed with prejudice, as frivolous pursuant to the screening provisions of 28 U.S.C. 1915(e)(2).

The plaintiff is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b), Fed. R. Civ. P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, must file objections to this Report and Recommendation by **February 4, 2019**.  He is cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated this 16th day of January, 2019.

s/*Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc:     Honorable Nora Barry Fischer
        (via CM/ECF electronic notification)

        ROGER WILSON
        516 Sinclair Street, Apt. 501
        McKeesport, PA 15132
        (via U.S. First Class mail)